**Francis L. MOYLAN and Yuk Lan Moylan, Appellants,**

v.

**Angelina SICILIANO, Appellee.**

**No. 16217.**

United States Court of Appeals Ninth Circuit.

July 31, 1961.

Finton J. Phelan, Jr., Agana, Guam, and Fred C. Robbins, Jr., San Rafael, Cal., for appellant.

E. R. Crain, Agana, Guam, and John F. Milne, San Francisco, Cal., for appellee.

Before CHAMBERS, ORR and BARNES, Circuit Judges.

ORR, Circuit Judge.

Appellants instituted a suit for specific performance of an installment contract for the sale of certain real property situate in Agana, Guam, and for damages and an accounting. A pre-trial order narrowed the dispute to a single issue, namely, whether the Moylans, appellants herein, had paid to representatives of Mrs. Siciliano, the appellee-vendor, $2,000 in cash on June 12, 1957 as part of an installment due under the said contract of sale.

2. See Johnson v. United States, 4 Cir., 276 F.2d 84.

At the trial appellants introduced into evidence certain cancelled checks and receipts purporting to show the payment of $7,500 to appellee on June 12, 1957. Appellee's witnesses testified that one of the receipts, in the sum of $2,000, had been issued by mistake in transactions carried on between them and Mrs. Moylan. The trial court found in favor of appellee to the effect that appellants pay the additional sum to appellee before they would be entitled to the delivery of a deed to the property. Appellants made the payment and in return promptly accepted a deed to the property and had it recorded. After the acceptance and recordation of the deed, appellants moved for a new trial.

As grounds for a new trial, appellants alleged that they were so "stunned" by the testimony of appellee's witnesses regarding their transactions with Mrs. Moylan on June 12, 1957, that they "could not gather their wits together in sufficient time to advise counsel of rebuttal witnesses * * *" The purported testimony which appellants alleged would be given by a number of witnesses, mostly employees or close friends of the Moylans, was set forth in affidavits filed in support of the motion for new trial. The gist of such proffered testimony tended to prove only that the named witnesses had not seen Mrs. Moylan leave her home or had not seen her at her place of business on the day in question, circumstances which the court could have considered had the offer been timely made.

The trial court denied the motion for new trial. It thought the motion had been rendered moot by the action of the parties in carrying out the terms of the judgment. Appellants urge that the court was in error in finding the motion moot. Be that as it may, the court was correct in its denial of the motion.

■ Litigants are required to be reasonably alert at trial in the protection of their own interests. If this record could be said to show reasonably genuine surprise on the part of appellants, the rem-

edy would have been to ask for a continuance to allow appellants to "gather their wits" and prepare for the presentation of rebuttal testimony. Cathedral Estates v. Taft Realty Corp., 2 Cir., 1955, 228 F.2d 85. Having failed to do this, and having permitted the cause to go to judgment, it is too late to seek an opening up of the issues, no proper grounds appearing. Creedon v. Loring, 1 Cir., 1957, 249 F.2d 714.

■ Even where it is asserted that the additional evidence asked to be received is newly discovered, the movant must show that he failed to discover that evidence earlier although he exercised due diligence. Compare United States v. Bransen, 9 Cir., 1944, 142 F.2d 232 with Lavino v. Jamison, 9 Cir., 1956, 230 F.2d 909. And where, as here, the evidence is not newly discovered, the movant must show that it was for some reason beyond his reach at time of trial. Talon, Inc. v. Union Slide Fastener, Inc., 9 Cir., 1959, 266 F.2d 731. In the instant case, the named new witnesses, being employees or close acquaintances of appellants, were at all times readily available.

■ Another consideration indulged in passing on a motion for new trial is whether the grounds offered suggest a substantial chance of reaching a different result in a new trial. Barrington v. Swanson, 10 Cir., 1957, 249 F.2d 640. The proffered testimony is circumstantial and it is doubtful that it would have influenced the court to the extent of rendering a different judgment.

Important elements of this case are strikingly similar to those of a case which appellants have cited, which states well the general rules:

"There is nothing to indicate that any of the parties whose testimony the garnishee now seeks to present to the court were at the time of the trial in any wise incapable of appearing or beyond the reach of the garnishee. Indeed, the parties from whom additional evidence would be elicited are persons who are and have been readily available to the

garnishee." Rue v. Feuz Const. Co., D.C.1952, 103 F.Supp. 499, 502.

In a suit alleging payment of the amount due, such as here, it should be anticipated that the non-payment may be put in issue, and plaintiff below should have had such a probable defense in mind and have been prepared for it. Such a defense is usually no surprise.

Affirmed.