**MELANSON COMPANY, Inc., Appellant,**

v.

**HUPP CORPORATION and Metalweld, Inc., jointly, jointly and severally, severally, or in the alternative.**

**No. 16178.**

United States Court of Appeals
Third Circuit.

Argued March 5, 1968.

Decided March 28, 1968.

Walter C. Wright, Jr., Cape May, N. J., for appellant.

Samuel P. Orlando, Orlando & Cummins, Camden, N. J. (George H. Hohweiler, Camden, N. J., of counsel and on the brief), for appellees.

Before HASTIE, Chief Judge, and SEITZ and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This action for damages from breach of warranty and negligence due to an allegedly defective marine diesel engine sold to appellant is before the Court on appeal from a judgment for

the defendant-appellees [1] following a five week trial to the court. After consideration of the record, we find substantial evidence to support the district court opinion and judgment, including the finding of the trial judge that the damage to the engine did not result from the alleged defect in having cylinder liner sleeves a fraction of one hundredth of an inch below the engine block. Also, since appellant concedes that it knew, by the second day of the five week trial, of appellee's contention that the location of the sleeves below the engine block was proper and that its counsel never asked for a continuance to produce evidence on this point until after the conclusion of the trial, its claim that it is entitled to a new trial on the ground of surprise is rejected. See Moylan v. Siciliano, 292 F.2d 704, 705 (9th Cir. 1961). The evidentiary rulings of the trial judge were justified by the record and do not constitute the reversible error. See F.R. Civ.P. 61.

We have reviewed carefully appellant's contention that it is entitled to recover "reasonable expenses" under F.R. Civ.P. 37(c) for failure of plaintiff to admit matters of fact in certain requests for admission filed under F.R.Civ.P. 36. The trial judge denied appellant's Motion for recovery of such expenses with a letter opinion of May 6, 1966 filed with its order of that date using this language:

"Rule 37(c) extends only to sworn denials or request (sic) [of requests] for admission of facts later proved at the requester's expense. I do not find that any such requested, denied and later proved facts existed in this record. Such expenses as plaintiff may have incurred were such as it elected to incur to prove its own case, and were not such as may have been necessitated by defendant's failure or refusal to comply with the rules for pre-trial discovery."

---

1. Since the notice of appeal only challenged the judgment of Hupp Corporation and appellant does not challenge the judgment in favor of Metalweld Inc., the word "appellee" will be used to refer to Hupp Corporation.

**904**

The record[2] does not justify a holding that the trial judge abused his discretion particularly in view of this last sentence of F.R.Civ.P. 37(c):

"Unless the court finds that there were good reasons for the denial or that the admissions sought were of no substantial importance, the order shall be made."

See Security-First National Bank of Los Angeles v. Lutz, 297 F.2d 159, 165–166 (9th Cir. 1961); 4 Moore's Federal Practice (2d Ed.) § 36.07, p. 2758.

The judgment of the district court entered March 25, 1966, 282 F.Supp. 859. and the Order of May 6, 1966 denying the appellant's motion for expenses under F.R.Civ.P. 37(c) will be affirmed.

2. It is noted that most of the Requests which were allegedly improperly answered were received by appellee on May 25, 1965, on the eve of trial which started June 14, 1965, even though suit was started on July 25, 1963.