Maria LAPICZAK b.n.f. Stephan Lapiczak and Stephan Lapiczak

v.

Veronica Jean Glass ZAIST.

Civ. A. No. 5746.

United States District Court, D. Vermont.

March 30, 1972.

As Amended April 14, 1972.

John S. Burgess, and Frederick Pope, Jr., Brattleboro, Vt., for plaintiffs.

R. Joseph O'Rourke, Ryan, Smith & Carbine, Rutland, Vt., for defendant.

## OPINION AND ORDER ON PLAINTIFFS' MOTION FOR RELIEF UNDER RULE 60(b)

JAMES L. OAKES, Circuit Judge, sitting by designation.

Plaintiffs have moved this court for relief from final judgment pursuant to

Rule 60(b), Fed.R.Civ.P., on the following grounds:

1. That the order of this court dated the 10th day of March, 1971, purporting to set aside the verdict and to grant a new trial establishes the existence of good and sufficient reason to justify relief from the operation of the judgment.

2. That, through mistake, inadvertence or excusable neglect on the part of counsel for the plaintiffs, a timely motion to set aside the verdict was not filed on behalf of the plaintiffs pursuant to the provisions of Rule 59(b).

3. That plaintiffs have developed newly discovered evidence, which evidence by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

For the reasons which follow, plaintiffs' motion for relief under Rule 60(b) is denied.

### *Mistake, Inadvertence, or Excusable Neglect*

■ The thrust of plaintiffs' contention concerning mistake, inadvertence and excusable neglect is that although plaintiffs' counsel in fact received a notice two days after the trial ended that judgment had been entered in the case, they did not recognize the document received as being a notice of entry of judgment. Instead, plaintiffs' counsel believed that judgment could be entered in the case only after a motion had been made by a party for entry of judgment, as is the practice in, for example, the Southern District of New York or the District of Connecticut (where one of plaintiffs' attorneys practiced until shortly before the trial) or the State Courts of Vermont. Plaintiffs' counsel argue that their failure to file a timely motion for new trial under Rule 59(b) was therefore based upon excusable neglect, and that plaintiffs should be afforded relief under Rule 60(b).

Prior judicial interpretation of Rule 60(b) indicates that ignorance or misinterpretation of the federal rules of civil procedure relating to time limitations is not excusable neglect within the meaning of the Rule. Nugent v. Yellow Cab Company, 295 F.2d 794, 796 (7th Cir. 1961), cert. denied, 369 U.S. 828, 82 S. Ct. 844, 7 L.Ed.2d 793 (1962); Hulson v. Atchison, T. & S. F. Ry. Co., 289 F.2d 726, 730 (7th Cir.), cert. denied, 368 U. S. 835, 82 S.Ct. 61, 7 L.Ed.2d 36 (1961); cf. Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir. 1969); Benton v. Vinson, Elkins, Weems & Searls, 255 F.2d 299, 301 (2d Cir. 1958); Geigel v. Sea Land Service, Inc., 44 F.R.D. 1, 2 (D.P.R. 1968); Frank v. New Amsterdam Casualty Co., 27 F.R.D. 258, 259–260 (E.D. Pa.1961); Federal Enterprises, Inc. v. Frank Allbritten Motors, Inc., 16 F.R.D. 109, 112 (W.D.Mo.1954). See generally 7 J. Moore, Federal Practice ¶ 60.22[2], at 252–253 (2d ed. 1971).

We think that in light of these decisions, the long-time Vermont federal practice concerning entry of judgments and the long experience of one of plaintiffs' attorneys as a practicing, and ofttimes successful, member of the bar of this court, that the failure to file a timely motion under Rule 59(b) was not mistake, inadvertence or excusable neglect within the meaning of Rule 60(b) (1).

■ The notes of the advisory committee on rules which are set out following Rule 60 in 28 U.S.C.A. state:

> The qualifying pronoun "his" has been eliminated on the basis that it is too restrictive, and that the subdivision should include the mistake or neglect of others which may be just as material and call just as much for supervisory jurisdiction as where the judgment is taken against the party through his mistake, inadvertence, etc.

May there be a mistake on the part of the court which will provide the basis for relief under Rule 60(b) (1)? To set out the issue: if the court would have granted a new trial on its own motion within the ten-day limit provided in Rule 59(d), may the delay on the part of

the court in the mistaken (according to the Second Circuit Court of Appeals) [1] belief that it could grant a new trial after the ten-day limit, provided it set down a hearing to show cause within the ten days, be the type of mistake contemplated in Rule 60(b)? Professor Moore argues strenuously for this result within limitations. See 7 J. Moore, Federal Practice ¶ 60.22[3] (2d ed. 1971). See also Southern Fireproofing Co. v. R. F. Ball Construction Co., 334 F.2d 122, 129 (8th Cir. 1964), in which the court gave some indication that the trial court's error was sufficient basis for a 60(b)(1) motion:

> Because this small item may have been overlooked by the trial court in its proper concern for the more weighty issues, we merely suggest, without expression of opinion, that, if Southern still feels it is entitled to this additional amount, relief may be available to it in the district court under Rule 60(b), F.R.Civ.P.

Professor Moore points out the paradox here, however, if this trial court could correct its own error of law at any time under Rule 60(b)(1), viz., the finality sought for by Rule 59 would be lost and appeal time would be indefinitely extended, at least if the supposed judicial error is one that could have been raised on appeal from the original judgment. Cf. Silk v. Sandoval, 435 F.2d 1266, 1268 (1st Cir.), cert. denied, Silk v. Kleppe, 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 430 (1971). He thus suggests limiting the period in which action to correct judicial error under Rule 60(b)(1) may be taken to a reasonable time not to exceed that for appeal. 7 J. Moore, Federal Practice ¶ 60.22[3], at 259–260 (2d ed. 1971). This does not help the plaintiffs, however, because here the court's error of law was in respect to the time within which it could act under Rule 59(b), an error that was not discoverable until the Court of Appeals handed down its decision on the original appeal. But it hardly seems likely that if Rule 59(b) were intended so tightly to shut the front door to post-judgment relief in the face of the litigant, in the interests of finality, Rule 60(b) would permit him to wander around to the back of the house and gain free access. See Silk v. Sandoval, *supra*.

### Newly Discovered Evidence

■ Nor is Rule 60 a corrective device to be used when counsel fails to avail himself of Rule 59(b) insofar as newly discovered evidence is concerned. The very words of Rule 60(b)(2) belie such a notion, for the rule provides for relief in the case of:

> (2) newly discovered evidence *which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)* . . . .

(emphasis added).

■ The evidence denominated by plaintiffs as newly discovered in their motion for relief from judgment was not in fact of a type for which relief can or should be given under Rule 60(b)(2). The evidence relied upon by plaintiffs is expert testimony regarding a bolt from the car involved in the accident which gave rise to this action. The defendant, to be sure, relied upon certain expert testimony during the trial regarding the bolt. Plaintiffs now allege that they were surprised by that testimony and that they were unable to obtain expert testimony of their own. We are of the belief that the plaintiffs in fact did have remedies available at trial and could have, in the exercise of due diligence, obtained expert opinion testimony to counter defendant's expert opinion; they could indeed have sought a continuance if truly surprised and certainly such testimony would have been found before the time period for acting under Rule 59(b) had expired. Therefore,

---

1. Lapiczak v. Zaist, 451 F.2d 79 (2d Cir. 1971).

plaintiffs are not entitled to relief under Rule 60(b) (2). See Melanson Co. v. Hupp Corp., 391 F.2d 902 (3d Cir. 1968); Giordano v. McCartney, 385 F.2d 154 (3d Cir. 1967); Moylan v. Siciliano, 292 F.2d 704 (9th Cir. 1961); Merrill v. United Air Lines, Inc., 25 F.R.D. 68, 79 (S.D.N.Y.1960), aff'd, 288 F.2d 218 (2d Cir. 1961).

*Any Other Reason Justifying Relief from the Operation of the Judgment*

Rule 60(b) (6) authorizes a district court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Professor Moore points out that at least after the time for appeal has expired an error of law cannot be corrected under Rule 60(b) (6); to do so would run contrary to Fed.R.App.P. 4(a), which permits tolling the time limits for appeal by timely motions under Fed.R.Civ.P. 50(b), 52(b) and 59 only, and not under Rule 60(b). 7 J. Moore, *supra,* ¶ 60.27[2], at 358–359.

 The orderly administration of justice in the federal courts requires, *a fortiori,* that the district court not use its broad, usually discretionary,[2] power under this provision to relieve a party from the effect of the judgment of a higher court that the district court thinks erroneous. A panel of the Court of Appeals held that this court lacked the lesser power to order, within the ten-day limit under Rule 59(d), a hearing to show cause why the verdict should not be set aside, although it had the greater power to set aside the verdict without hearing, without argument and without the benefit of deliberation on a delicate and close question, so long as it set the verdict aside within ten days. Because it is difficult to imagine that the draftsmen of the Rules of Civil Procedure were quite so arbitrary even in the interests of finality, and because the opinion of the Court of Appeals does not reach the argument that the lesser

power to order a hearing to show cause is included within the greater power to set the verdict aside, but proceeds on a literal reading of the ten-day time limitation of the first sentence of Rule 59(d), this opinion would be less than candid not to suggest—with respect— that the Court of Appeals' decision was erroneous. But that error is one that was subject to correction only by the Supreme Court or by the Court of Appeals itself; it may not be corrected by this court even under Rule 60(b) (6). Thus, not exercising any discretion whatsoever, but on the basis that this court lacks the power to do so under Rule 60(b) (6), the judgment order will not be set aside thereunder.

Motion denied.

---

2. See Altman v. Connally, 456 F.2d 1114 (2d Cir., 1972).