Alvin H. **FRANKEL**, Administrator of the Estate of Anthony Recchia, Deceased

v.

**LULL ENGINEERING COMPANY, INC.,**
Appellant in No. 71-2165.

The **RANSOME CORPORATION,**
Appellant in No. 71-2172,

v.

Guido Carl **RECCHIA**, Individually and Trading as G. C. Recchia Brickwork.

Nos. 71-2165, 71-2172.

United States Court of Appeals,
Third Circuit.

Argued Oct. 30, 1972.

Decided Jan. 11, 1973.

J. Grant McCabe, III, Rawle & Henderson, and F. Hastings Griffin, Jr., Dechert, Price & Rhoads, Philadelphia, Pa., for appellants.

David F. Binder, Raynes, McCarty & Binder, Philadelphia, Pa., for appellee.

Before KALODNER, ADAMS and MAX ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is a wrongful death action on behalf of the widow and minor children of Anthony Recchia, combined with a survival action on behalf of his estate, under Pennsylvania law.

Recchia was killed while operating a high-lift loader on an outdoor apartment building construction site on July 24, 1965, when the loader overturned while he allegedly was backing away from the partially-constructed building. The loader was manufactured by co-defendant, Lull Engineering Company, Inc. It was sold by Lull to co-defendant, The Ransome Corporation. Ransome, in turn, sold it to the third-party defendant, the decedent's employer, on a lease-purchase arrangement. The case was brought and tried under both theories of strict liability pursuant to Section 402A of the Restatement of Torts Second and negligence.

Trial on the issue of liability began on September 14, 1970, and concluded on September 24, 1970, with findings by a jury in answer to special interrogatories. On the basis of these findings, the trial court entered judgment in favor of the plaintiff and against both defendants. Also, a jury finding was made and a judgment entered in favor of the third-party defendant.

In answer to the special interrogatories, the jury found that the accident had occurred because the high-lift loader involved was in a defective condition, unreasonably dangerous to the user, as a result both of design defects for which co-defendant Lull was responsible, and of defects in the loader's brakes and steering for which co-defendant Ransome

was responsible. The jury also found that both defendants were negligent; that their negligence was a proximate cause of the accident; and finally that the decedent had neither assumed the risk nor been contributorily negligent.

After the verdict on liability, by agreement of the parties damages were assessed in favor of the plaintiff in the amount of $250,000. Each defendant then filed motions for judgment n. o. v. and for a new trial. The motions were denied by the trial judge in an opinion and order dated October 22, 1971, 334 F. Supp. 913.

After carefully reviewing the record and the briefs, and hearing oral argument, we conclude there was no reversible error.

Accordingly, the judgment of the district court will be affirmed.