**Larry MARSHAK, Plaintiff,**

v.

**Doc GREEN, John Doe "1," John Doe "2," Bernard Jones, David Rick and Sandy Wolfe, Defendants.**

**No. 79 Civ. 3458.**

United States District Court, S. D. New York.

March 30, 1981.

---

Marcus & Marcus, New York City, for plaintiff; Clark A. Marcus, New York City, of counsel.

Hopgood, Calimafde, Kalil, Blaustein & Lieberman, New York City, trial counsel for plaintiff; Stephen B. Judlowe, New York City, of counsel.

Walter Hofer, New York City, for defendants Doc Green and David Rick; Jeffrey L. Ringler, White Plains, of counsel.

Paul B. Morofsky, New York City, trial counsel for defendants Doc Green and David Rick.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

Defendants move for a new trial or to reopen testimony on two grounds: first, they allege plaintiff Marshak attempted to obstruct justice and suborn perjury by interfering with Robert Czartoryski during the course of the trial; second, they claim the defendants were not afforded reasonable opportunity to present the "essential" testimony of Norm Nite, a disc jockey.

Defendants charge that Marshak, his attorney,[1] and two others urged Czartoryski to lie at the trial by offering a bribe and threatening him if he failed to do so. Defendants offered Czartoryski as a witness upon the trial, but, upon plaintiff's objection, his testimony was not received because he was not listed in the pretrial order. Defendants thereupon made an attempt to qualify Czartoryski as an expert, but it quickly became apparent that he did not so qualify and that this was a ploy to contravene the Court's ruling.

The motion as to Czartoryski is denied. He was not listed as a witness in the pretrial order; if pretrial orders are to have any force, they must be adhered to at trial. There was no adequate explanation for failure to include him as a proposed witness. Insofar as defendants sought his testimony on the alleged bribery, they were allowed to recall the plaintiff, Marshak, to question him on the incident, which he then denied. The Czartoryski testimony is thus clearly barred in any event under Federal Rule of Evidence 608(b) as extrinsic evidence on collateral matters.[2]

---

1. While the Court does not pass on the issue, in fairness to counsel it should be noted that he has filed an affidavit in which he denies that for at least several years prior to the alleged offer of financial considerations, he has spoken to Czartoryski. Similarly, the other accused have denied the charge.

2. E. g., Carter v. Hewitt, 617 F.2d 961, 969 (3d Cir. 1980); United States v. Blackshire, 538 F.2d 569, 572 (4th Cir.), cert. denied, 429 U.S. 840, 97 S.Ct. 113, 50 L.Ed.2d 108 (1976).

Defendants claim that Nite's testimony was essential to their proper defense and that the Court did not afford them a reasonable opportunity to call him. They claim that, upon being advised by the Court that there would be no afternoon session on Tuesday, October 21, 1980 (this Court's regular motion calendar), the second day of the trial, they made arrangements to have Nite testify at 1:00 that day. Nite had professional commitments and was to be out of town on Wednesday, the last day of the trial. Defendants claim that the Court ended the Tuesday session by 1:00, thus precluding their opportunity to call Nite.

This prong of defendants' motion is denied as well. The record belies their claim. The parties were informed of the trial date the week before the trial and had ample opportunity to arrange their cases to accommodate their witnesses. Indeed, with respect to another expert witness, James Hudson, defendants requested, and this Court permitted, his testimony be taken out of turn and before plaintiff had concluded his case to accommodate Hudson's schedule. Moreover, when defendant Rick did not have his records with him on Wednesday morning, the Court granted a three-and-a-half hour recess to afford him a chance to return home to locate them.

Defendants, however, made no such motion or request to have Nite's testimony taken out of turn. A review of the trial record indicates that, at the conclusion of the Wednesday morning session, in response to a question from the Court, defense counsel indicated that he had no further witnesses available; he did not move for a continuance to allow Nite's testimony to be taken. From the time the trial ended on October 22, 1980 to the date on which the Court's opinion was filed on January 26, 1981, defendants made no such motion.

Further, no such request was made at a hearing on damages held on February 3, 1981, after which judgment was entered. Finally, if defense counsel was aware that the expert's schedule might present a problem as to his personal appearance, he should have taken his deposition or offered another expert. The facts concerning this situation have been known to counsel since the commencement of the trial, yet judgment was allowed to be entered without any motion being made.

Under all these circumstances, defendants' motion as to Nite is denied.[3] The motion is denied in its entirety.

So ordered.

---

**3.** *Cf. Moylan v. Siciliano*, 292 F.2d 704 (9th Cir. 1961) (if party so surprised by unexpected evidence that could not gather wits to determine how to respond, should move for continuance; having failed to do so, too late to move after letting judgment be entered); *accord, Melanson Co. v. Hupp Corp.*, 391 F.2d 902, 903 (3d Cir. 1968). *See also Hochstadt v. Worcester Foundation for Experimental Biology*, 545 F.2d 222, 226–27 n.4 (1st Cir. 1976) (Court's indication of time trial to end does not relieve plaintiff from affirmative obligation to move); *Frankel v. Lull Engineering Co.*, 334 F.Supp. 913, 929–30 (E.D. Pa.1971), *aff'd*, 470 F.2d 995 (3d Cir. 1973) (not entitled to new trial because of allegedly false testimony if had ample opportunity to set record straight and sought no continuance).