IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

GUAM MEMORIAL HOSPITAL,        )
                               )        D.C.A. No. 83-9011
        Plaintiff-Appellant,   )
                               ).
    vs.                        )
                               )        OPINION
WALTER DALE,                   )
                               )
        Defendant-Appellee,    )
_____)

BEFORE:  DUENAS, WEIGEL, District Judges and HEFNER*,

DUENAS, District Judge

A complaint was filed by Guam Memorial Hospital (GMH) against Rosa Cruz Dale[1] and Walter Dale on December 23, 1981, seeking judgment for a portion of Rosa Cruz Dale's medical bills. An answer was filed on January 14, 1982, denying all allegations in GMH's complaint.

On March 29, 1982, Plaintiff-Appellant filed interrogatories to the Defendants and a Request for Production. No answers to interrogatories were ever filed nor were the requested documents ever produced. The only motion to compel answers or production was made by the Plaintiff-Appellant on the day of the trial, more than one year after the request. The trial court denied Plaintiff-Appellant's motion because of its

---

*The Honorable Robert A. Hefner, Chief Judge, Commonwealth Trial Court, sitting by designation.

293

untimeliness. The Plaintiff-Appellant then requested a continuance until 1:30 p.m. that same afternoon since it had assumed that the Defendant-Appellee Walter Dale would be present for the trial of this matter and had intended to call him as a witness. The court granted Plaintiff-Appellant's request for a continuance.

The only witness called by the Plaintiff-Appellant was Mr. Leland L. Knapp, who was employed by GMH since August, 1980, in the capacity of Acting Controller from August, 1980, to October, 1981, and as Assistant Controller from October, 1981, up to the date of the trial. His duties at GMH consisted of being in overall charge of the Admissions Department, the Business Office, the Credit and Collection Department, the Data Processing Department, and the Communications Center.

Through Mr. Knapp's testimony, three documents were admitted into evidence on the basis of the Business Records Exception. [Rule 803(6) of the Federal Rules of Evidence][2]. These three exhibits are cycle billings containing the itemized charges for all goods and services provided to Rosa Cruz Dale while she was a patient at GMH. The total amount of the GMH charges equals $43,154.75.

Mr. Knapp described in his testimony the procedures used by the Hospital in preparing Exhibits 1, 2, and 3. Those procedures consisted of feeding the information regarding all medical charges into a computer and awaiting the final product of the computer activity--the cycle billings. However, he was

unable to explain how the name "Dale, Walter" appeared on these cycle billings as the responsible party. He could only testify that this information was generated by the Admissions Office and fed into the computer.

On cross-examination by Defendant-Appellee, Mr. Knapp testified:

> "Q. You have nothing with you to show that he's (Walter Dale) responsible for this debt other than Exhibits 1, 2, and 3 which has his name on them?
> A. That's correct.
> Q. You have no agreements signed by him saying he's responsible?
> A. No, I do not.
> Q. No idea how his name got on this?
> A. Again as I stated, it would have to ---
> Q. You have no personal knowledge of how his name ---?
> A. I personally have not seen a document which put his name on the bills; that's correct."

On redirect examination:

> "Q. ...Do you have you any knowledge, sir, of how Mr. Dale's name got on these bills?
> A. To clarify that, I would have to say that this was through --- would have to be through the admission documentation from which admissions are keyed into the computer system.
> Q. Would it have been some document that is signed at the time of admission?
> A. Yes.
> Q. Could you describe such a document to us?
> A. It would be what we would call an admission patient or admission record-in patient. Patient comes in as an out-patient; they sign an out-patient registration form for that.
> Q. Would there be a place on this form for someone to sign ---"

/////
/////

At this point, there was an objection by Defendant-Appellee, which the Court sustained on grounds that the answers, as they pertain to this case, would be hearsay.

There was no further admissible evidence given as to how or under what circumstances Defendant Walter Dale's name was made to appear on Exhibits 1, 2, and 3.

At the conclusion of Plaintiff-Appellant's case, the Defendant-Appellee moved for judgment pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) states in pertinent part, as follows:

"Involuntary Dismissal: Effect Thereof.
. . . After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). . . ."

The court granted the Defendant-Appellee's motion to dismiss since there was only mere "conjecture" as to how Walter Dale's name came to appear on the cycle billings as the responsible party. The trial court stated "that conjecture is not, and never will be, a substitute for proof of the relevant facts necessary to prove a cause of action by a preponderance of the evidence."

/////

On June 9, 1983, Plaintiff-Appellant moved for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure on the basis of the following:

1) The trial court committed manifest errors of law and mistakes of fact;

2) The verdict was against the weight of the evidence;

3) That a new trial was necessary to prevent injustice; and

4) That substantial justice was not done.

In support of such motion the Plaintiff submitted a document entitled "Admission and Discharge Record," which contained as follows:

> "I agree to and guarantee payment.
> of the amount due for services
> rendered to this patient.
> /s/ Walter M. Dale
> Date 8/28/77"

On June 23, 1983, the trial court entered a decision and order denying the motion for a new trial, stating that "[r]eference to the affidavit and the attached document was clearly intended by plaintiff to show 'manifest injustice,' but one cannot overlook the effect also of bringing into evidence, after judgment, relevant and critical evidence which should have been properly discovered in the exercise of reasonable diligence and produced at the time of trial. This was not done however."

/////

A timely appeal was filed by Plaintiff-Appellant on July 5, 1983, from the Judgment entered June 1, 1983, and from the court's decision and order denying Plaintiff's Motion for a New Trial, dated June 23, 1983.

## STATEMENT OF THE FACTS

Rosa Cruz Dale was admitted as a patient at GMH on August 28, 1977 and subsequently died on February 15, 1978. There were three-cycle billings dated September, 1977; October, 1977; and May, 1978, containing itemized charges for goods and services rendered by GMH for a patient named Rosa Cruz Dale with the "responsible party" identified as Walter Dale. No payment for any of these bills was ever received by GMH.

It was on the basis of the non-payment of these cycle billings that the Plaintiff-Appellant filed suit against Walter Dale in the District Court for the Northern Mariana Islands.

## DISCUSSION

### I.

The first issue raised on appeal is whether the trial court erroneously dismissed the Plaintiff-Appellant's case pursuant to Rule 41(b), Federal Rules of Civil Procedure.

In reviewing a Rule 41(b) dismissal, an appellate court must view the findings of the trial court in the same manner as those entered at the close of all evidence, determining only

298

whether they are clearly erroneous. <u>Wilson v. United States of America</u>, 645 F.2d 728, 730 (9th Cir., 1981).

In the case at bar, the Plaintiff-Appellant contends that the trial court erred in failing to assign the proper weight to Plaintiff-Appellant's exhibits numbered 1, 2, and 3, the cycle billings of GMH, which were admitted into evidence pursuant to the Business Records Exception set forth in Rule 803(6) of the Federal Rules of Evidence. This is not so. The Plaintiff-Appellant's witness, Mr. Knapp, was able to testify concerning the procedures for the cycle billings, however, he was unable to testify as to how the name "Walter Dale" came to appear on the billings as the responsible party. Thus, the trial court properly admitted Plaintiff-Appellant's Exhibits 1, 2, and 3, into evidence pursuant to the Business Record Exception for the limited purpose of proving regularly conducted business activity, that is, that certain goods and services were provided to Rosa Cruz Dale during her stay at GMH and that billings in the total amount of $43,154.75, occurred during the stated period of time. The court below further properly ruled that these exhibits failed to prove the liability of Defendant-Appellee Walter Dale as the person responsible for the debt to GMH since there was neither testimony nor evidence presented to the court explaining how Defendant Walter Dale's name came to be listed on the cycle billings as the responsible party for Rosa Cruz Dale's medical expenses.

/////

The Plaintiff-Appellant argues to this Court that the trial court had the following sufficient evidence before it to make a conclusion as to how Defendant Walter Dale came to be listed as the "responsible party" for the medical bills at issue:

"Q.  [By Mr. White].  Do you know, Sir,
      how -- do you have any knowledge
      of the procedures which were in
      effect for designating a responsible
      party as of August of 1977?
A.    [By Plaintiff's witness]:
      [T]here were no written policies and
      procedures.  However, the form which
      was being used, to my knowledge, was
      the exact same form as what was being
      utilized in 1980 when I came on board
      with GMH.
Q.    And did that . . . form have any
      place for someone to sign as a
      responsible party?
A.    Yes, it did."

However, the Appellant fails to give this Court the remainder of the relevant testimony on this point.  Mr. Knapp's testimony continued in pertinent part as follows:

"      .    .    .
BY MR. WHITE:
Q.    How do you know that the forms that
      you saw in 1980 were the same forms
      that were used in 1977?
A.    That would be based on medical
      record.

      .    .    .
THE COURT:  What medical record -- record?
BY MR. WHITE:
Q.    What medical records did you review?
A.    I do not have the medical records of the
      patient with me as I do not have a right
      to carry the medical record with me as
      a breach of the confidentiality of the
      patient.
THE COURT:  Which patient are you talking
about?
THE WITNESS:  The patient being Rosa Cruz
Dale.

Q. (By Mr. White) Did those medical records have, um, an admission form which included a place for a person to sign?

BY MR. WHITE:
Q. For a place for a person to sign as being responsible for Mrs. Dale's bills?
A. As I -- As I stated, I caused for them to be reviewed. I, personally, did not review the file.
Q. Were you advised as to whether anyone had signed for being responsible for Mrs. Dale's bills?
MR. LAYNE: If it please the Court --
THE COURT: State your objection.
MR. LAYNE: It's hearsay.
THE COURT: Sustained."

It is clear to this Court that the record below supports the trial court's finding that no liability was shown. There was neither testimony nor evidence before the trial court explaining how Walter Dale's name came to appear on the cycle billings as the responsible party for the medical bills at issue and no proof that the Defendant Walter Dale is the person liable for the medical bills of Rosa Cruz Dale. The trial court has committed no error in concluding as a matter of law that the Plaintiff-Appellant had not made out a case, by a preponderance of the evidence, against the Defendant, and by dismissing the case against the Defendant under Rule 41(b) of the Federal Rules of Civil Procedure. Wilson v. United States of America, supra.

II.

The Plaintiff-Appellant next argues on appeal that the trial court abused its discretion in refusing to grant a new

301

trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. Rule 59 states in pertinent part as follows:

> "(a) <u>Grounds</u>. A new trial may be granted to all or any of the parties and on all or part of the issues . . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

The Appellant contends that the trial court should have granted a new trial since:

1) manifest errors of law and mistakes of fact were committed by the trial court;

2) the verdict was against the weight of the evidence;

3) a new trial was necessary to prevent injustice; and

4) substantial justice was not done.

Based on our above decision upholding the Rule 41(b) dismissal, it should be apparent that this Court is not of the opinion that the trial court has committed manifest errors of law and mistakes of fact nor that the verdict was against the weight of the evidence.

This Court has however given much consideration to the Plaintiff-Appellant's contentions that substantial justice was not done and that a new trial is necessary to prevent injustice.

302

As was previously noted, the Plaintiff-Appellant on June 9, 1983, moved for a new trial pursuant to Rule 59 and supported such motion with a document entitled "Admission & Discharge Record" that was not produced at the trial. Such document contained the following pertinent information:

> "I agree to and guarantee payment
> of the amount due for services
> rendered to this patient.
> /s/ Walter M. Dale
> Date 8/28/77"

This document was not intended by the Plaintiff-Appellant as newly discovered evidence, instead it was intended to show "manifest injustice." The trial court recognized its broad discretion under Rule 59 of the Federal Rules of Civil Procedure and equitable principles to grant a new trial, but it further correctly identified the problem with the Plaintiff-Appellant attempting to introduce, after judgment, "relevant and critical evidence which should have been properly discovered in the exercise of reasonable diligence and produced at the time of trial." Guam Memorial Hospital v. Walter Dale, et al., Civil Case 81-0078, page 2 of the Decision and Order Denying the Motion for a New Trial issued by the District Court for the Northern Mariana Islands on June 23, 1983.

In reviewing this issue, we as an appellate court have a very limited scope of review. Wright & Miller, 11 Federal Practice & Procedure, § 2803 at pp. 31-33 and § 2818 at pp. 118-120 (1973). As stated above, a trial judge has been given broad discretion with regard to Rule 59 motions and an appellate

303

court should not overturn such a decision and judgment absent manifest or gross abuse of discretion on the part of the trial judge. 11 Federal Practice & Procedure, Id. and Holmes v. Wack, 464 F.2d 86, 89 (10th Cir., 1972), reh'g denied.

To determine if there has been manifest or gross abuse of discretion, we should examine whether the trial court properly considered whether the Plaintiff-Appellant would actually be prejudiced by the denial of the new trial, and if so, whether the Plaintiff-Appellant could have prevented such prejudice at trial. Marshak v. Green, 89 F.R.D. 637 (S.D. N.Y., 1981), and Frankel v. Lull Engineering Co., 334 F.Supp. 913, 929 (E.D. Pa., 1971). From a review of the record below, it is evident that the trial court recognized and fully considered that the Plaintiff-Appellant would be prejudiced by the trial court's denial of a new trial; however, it appears that the trial court was of the impression that inadequate trial preparation on the part of Plaintiff-Appellant's counsel was the sole cause of such prejudice. We agree.

As can be easily detected from the record, this is not a complex case. The sole issue of proof was the liability of Defendant Walter Dale for the medical bills of Rosa Cruz Dale. As it appears from the record below, counsel for Plaintiff-Appellant was fully aware that the Defendant-Appellee had denied all allegations of GMH's complaint and that he therefore had the burden of proving each and every allegation by a preponderance of the evidence. It further appears that counsel for the

Plaintiff-Appellant was fully aware of the scheduled trial date of April 18, 1983, but neglected to subpoena the Defendant-Appellee to appear at trial. Instead, on the day of trial, upon discovering that the Defendant was not present, the Plaintiff-Appellant for the first time requested the trial court to compel the Defendant-Appellee to answer interrogatories and produce certain documents in response to interrogatories and requests for production which had been filed more than one year prior to the trial. And, in conjunction with such request, to grant a one-day continuance. As previously noted, the trial court properly denied such motion as untimely but did allow the Plaintiff-Appellant a continuance until 1:30 p.m. that same afternoon since the Plaintiff-Appellant had assumed the Defendant-Appellee would be present for trial and had intended to call him as a witness.

The trial commenced at 1:30 p.m. that same afternoon and Plaintiff-Appellant's counsel indicated his readiness to proceed with his case against the Defendant-Appellee, but again failed to have the necessary witnesses and documents present at trial to prove its case by a preponderance of the evidence.

/////
/////
/////
/////
/////
/////

305

_1/_  Rosa Cruz Dale was deceased at the time of the filing of GMH's complaint.

_2/_  Rule 803(6) of the Federal Rules of Evidence reads in pertinent part as follows:

> "(6) <u>Records of regularly conducted activity</u>.
>
> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method of circumstances of preparation indicate lack of trustworthiness."

Although we sympathize with the Plaintiff-Appellant, we do not feel that the trial court's denial of a new trial amounted to a manifest abuse of his discretion under the circumstances of this particular case. The Plaintiff-Appellant is not entitled to relitigate its case and the judgment of the District Court is affirmed.

_____
CRISTOBAL C. DUENAS, District Judge

_____
STANLEY A. WEIGEL, District Judge

_____
ROBERT A. HEFNER, Designated Judge