114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David A. HURLBUT, Plaintiff-Appellant,
v.
Oren R. FOX, Sheriff-Coroner of Imperial County; Imperial
County, Sheriff-Coroner's Office; County of
Imperial, Defendants-Appellees.
 No. 96-55136.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1997.
Decided May 29, 1997.
 
 1
 Before: BROWNING, and SCHROEDER, Circuit Judges and RESTANI, Judge*.
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 The district court did not abuse its discretion in denying Hurlbut's motion for new trial.
 
 
 4
 Hurlbut's claim that he was "surprised" by the County's defense that his performance as a deputy sheriff was deficient did not require a new trial. Even if the record could be said to show "reasonably genuine surprise," Hurlbut's remedy was to ask for a continuance. Having failed to do so, and having permitted the cause to go to judgment, "it is too late to seek an opening up of the issues." Moylan v. Siciliano, 292 F.2d 704, 705 (9th Cir.1961).
 
 
 5
 The district court did not abuse its discretion in concluding that the jury verdict was not against the clear weight of the evidence as to the motivation for Hurlbut's transfer. See Landes Const. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1372 (9th Cir.1987). Hurlbut testified that Singh said "the sheriff wanted an Indian out there," but Singh testified he made no such statement. The credibility conflict between Singh and Hurlbut was for the jury to resolve. The contract between the Quechen Tribe and Imperial County was irrelevant to the motivation for the transfer. It provided for the hiring of tribal deputies in addition to the regular deputies; Hurlbut was a regular deputy not subject to the contract. There was no evidence the contract bore any direct or indirect relationship to Hurlbut's transfer.
 
 
 6
 The verdict was not against the clear weight of evidence as to whether Sheriff Fox's reason for transferring Hurlbut was pretextual. Under departmental policy, personnel transfers were within the department's discretion. Sheriff Fox testified, subject to cross-examination, that Hurlbut was transferred because Hurlbut's performance had been deficient and citizens had complained about him. Fox's credibility was for the jury to determine. Hurlbut's replacement, Officer Murphy, had more field experience in Winterhaven than any other deputy.
 
 
 7
 Whether or not the district court properly refused to admit Ghiotto's testimony, no prejudice has been shown. Fox admitted having discussions about discriminatory law enforcement with Brown, but denied the conversations caused him to transfer Hurlbut, and no evidence suggested otherwise.
 
 
 8
 The district court properly refused to instruct the jury on disparate impact. Hurlbut presented this case as one involving disparate treatment. There was no mention of disparate impact in the pretrial order, and Hurlbut presented no statistical or other evidence that would prove a claim of disparate impact.
 
 II.
 
 9
 The district court acted within its discretion when it granted defendants' motion for costs. Costs are awarded to the prevailing party in civil actions absent an express statutory provision to the contrary, and no statutory provision bars an award of costs in a Title VII action. National Organization of Women v. Bank of California, 680 F.2d 1291, 1294 (9th Cir.1982).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3