ALL ALASKAN SEAFOODS, INC., AAS–DMP Management Partnership, L.P. By Kodiak Marine Protein, Inc., General Partner, Holding Company Dalmoreproduct, and Shin Nihon Global Co., Ltd., Plaintiffs–Appellants,

v.

TYCO ELECTRONICS CORPORATION, as successor to Raychem Corporation, Defendant–Appellee.

No. 01–36106, 02–35214.

D.C. No. CV–95–00351–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2003.

Decided Dec. 17, 2003.

Michael H. Williamson, Esq., Madden, Poliak, MacDougall & Williamson, Seattle, WA, Steven B. Fisher, Lawrence D. Mason, Esq., Daar, Fisher, Kanaris & Vanek, Chicago, IL, for Plaintiffs–Appellants.

William R. Hickman, Esq., Reed McClure, Seattle, WA, Gregory Gilchrist, Esq., Emeryville, CA, Robert N. Windes, Esq., LeGros, Buchanan & Paul, Seattle, WA, for Defendant–Appellee.

Before D.W. NELSON, THOMAS, Circuit Judges, and ILLSTON, District Judge.*

MEMORANDUM **

Plaintiffs-appellants All Alaskan Seafoods Inc., AAS–DMP Management Part-

* The Honorable Susan Illston, United States District Judge for the Northern District of California, sitting by designation

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

nership, L.P. by Kodiak Marine Protein, Inc., General Partner, Holding Company Dalmoreproduct, and Shin Nihon Global Co. Ltd., appeal the judgment awarding $70,000 in costs to defendant-appellee RACEME, entered after a defense verdict following a 20–day jury trial. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the procedural and factual history of this case, we will not recount it here.

The case was tried on the basis of the fourth amended complaint, which alleged only strict liability against RACEME for defective manufacture and distribution of the XL Trace 8 XL 1 heating cable without appropriate safety sealing devices, which allegedly caused a fire in plaintiffs' vessel. Appellants challenge several of the district court's rulings at trial and on pretrial motions.

■ The district court did not commit an abuse of discretion by refusing to define "product" in accordance with the definition derived from the earlier appeal in this case, *All Alaskan Seafoods, Inc. v. Raychem Corp.*, 197 F.3d 992 (9th Cir.1999). That appeal did not establish "law of the case" with respect to the definition of a product. "Application of the [law of the case] doctrine is discretionary," and "a trial judge's decision to depart from the principle of finality [is reviewed] for an abuse of discretion." *Milgard Tempering v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir.1990). If the issue is not actually decided in the prior proceeding, the law of the case doctrine does not apply. *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995).

The issue on appeal in the earlier decision was whether the court below erred when it held that the economic loss doctrine barred recovery for damage to the vessel: "The only issue on appeal is the application of the total economic loss rule."

*Id.* at 996. The 1999 decision does not create "law of the case" with respect to the question of what constitutes a "product" for the purpose of determining whether the heating cable was unreasonably dangerous.

■ Jury instruction No. 3 allowed the jury to decide whether to define "product" as the heating cable system (with safety devices) or as the heating cable alone; this instruction was not reversible error because it did not mislead the jury on issues fundamental to the case. Both parties were able to convey their theories of the case to the jury. By arguing to the jury how the product should be defined, appellees presented their theory that purchasers were advised to buy or use the product with the additional safety devices that rendered the product safe, while appellants argued that the product should be defined as the cable alone, because purchasers were not adequately advised to purchase the product with the devices that made it safe.

Only when error is prejudicial and misleading is instructional error reversible. A district court is afforded substantial latitude in tailoring jury instructions, and we review the formulation of those instructions for abuse of discretion. *Gilbrook v. City of Westminster*, 177 F.3d 839, 860 (9th Cir.1999). The district court's instruction did not amount to an abuse of discretion and reversal is not required.

■ The district court did not abuse its discretion by permitting appellee's expert, Mr. Fleshman, to testify. His name had appeared on various pre-trial lists, including the prospective witness list read to the jury the first day of trial, but it had been dropped from the parties' joint proposed pretrial order because appellee had been unable to serve him. Appellee was ultimately able to subpoena Fleshman, and appelle informed appellant of its intent to call Fleshman the next day. Some three

weeks later, the court permitted Fleshman's testimony, noting that appellants could only have believed Fleshman was not a witness for a few days and that they were not unfairly prejudiced. "Litigants are required to be reasonably alert at trial in the protection of their own interests." *Moylan v. Siciliano,* 292 F.2d 704, 705 (9th Cir.1961).

■ The district court did not err by excluding evidence of arc fault in other products, based on evidence in offshore documents and the testimony of Raychem representative Terry Gorlick. Significant evidence in the record supports appellee's contention that the products at issue in the proposed "prior occurrences" evidence were not substantially similar to the XL Trace and thus were properly excluded. To reverse an evidentiary ruling after a jury verdict, it must appear more likely than not that the evidentiary ruling tainted the verdict. *Heyne v. Caruso,* 69 F.3d 1475, 1478 (9th Cir.1995). That cannot be said here. The jury did receive evidence suggesting that RACEME knew about prior arc faults in its heating cables, but still found that Raychem's product was not "unreasonably dangerous" due to "design" or "lack of warning." Additional evidence of the notice that RACEME had of arc faults in offshore environments was unlikely to affect the jury verdict, given that the jury already had evidence of arc faults.

The district court did not abuse its discretion by denying appellant the opportunity to present evidence concerning Raychem's chain of distribution through its expert, Mr. Schaefer. The district court did not err in determining that Schaefer lacked qualification to testify about how RACEME products were distributed, given that he had never been involved in the distribution of RACEME products or the analysis of such distribution. Excluding Schaefer's testimony was also reasonable because it did not state an opinion, but rather cloaked a disputed fact—whether the RACEME heating cable was shipped with or without instructions—as expert opinion testimony. Accordingly, the decision to exclude his testimony on distribution was not an abuse of discretion.

■ The district court refused to allow appellants to introduce evidence that the P/V Alaskan was worth more than the $17 million "tax value" declared in appellants' tax return, based primarily on judicial estoppel. AAS argues that this amounted to error, because judicial estoppel only applies to legal proceedings, citing *Masayesva ex rel. Hopi Indian Tribal v. Hale,* 118 F.3d 1371 (9th Cir.1997). To reverse on this basis, this Court would have to conclude that, more probably than not, the district court's error tainted the jury verdict. *Pau v. Yosemite Park and Curry Co.,* 928 F.2d 880, 888 (9th Cir.1991). Evidence of the worth of the P/V Alaskan was only relevant to the jury's determination of damages. Because the jury returned a defense verdict, it never reached the question of damages; thus, evidence of some greater value of the vessel would not have affected the outcome in any way.

The district court did not abuse its discretion by denying appellant the opportunity to amend its complaint to seek punitive damages. The district court reasoned that such leave would prejudice the opposing party's trial preparation, due to the proximity of the trial date. Undue delay is a valid reason for denial of leave to amend. Further, where there have been numerous previous amendments to a complaint, district courts have particularly broad discretion to deny leave to amend. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990) ("Absent a definite and firm conviction that the district court committed a clear error of judgment, we will not disturb the district court's decision.").

On summary judgment, the district court applied the maritime "Total Loss

Rule" to disallow appellant from seeking lost profits and loss of use damages. Since the jury resolved all issues of causation against plaintiffs, and thus never reached the damages phase of trial, any error in application of the "Total Loss Rule" would have been harmless.

The district court did not abuse its discretion by taxing $70,498.44 in costs, beyond the $28,467.33 in costs taxed by the clerk. Appellants argue that the district court impermissibly expanded the scope of 28 U.S.C. § 1920 and violated Rule 54 of the Civil Rules for the Western District of Washington, by relying on evidence not before the clerk at the time that the clerk taxed costs.

Civil Local Rule 54(d)(1) requires a party seeking costs to submit to the clerk a memorandum detailing its costs. If the party awarded costs is unsatisfied with the clerk's determination, Civil Local Rule 54 allows that party to make a motion to the court to "re-tax" costs. The district court's decision to review the arguments and additional evidence submitted by appellee in its motion to re-tax costs, to the extent that this evidence was different from the evidence on which the clerk relied, was not in violation of Civil Local Rule 54(d); the section appellees cite is no longer in effect, having been amended on January 1, 2002, 28 days prior to the district court's January 29, 2002 order retaxing costs. Because the decision to re-tax costs is uniquely within the discretion of the trial court, and the court articulated a reasonable basis for its decision to do so (the lengthy and complex nature of the trial), this Court affirms the trial court's taxation of costs. Fed.R.Civ.P. 54(d)(1).

AFFIRMED.