Noel Bleeker **MARTIN**

v.

Charles R. C. **KLEIN** et al.

Civ. A. No. 58–807.

United States District Court
D. Massachusetts.

May 8, 1959.

Raymond F. Barrett, Quincy, Mass., for plaintiff.

Ralph H. Willard, Willard, Peterson, Goodspeed & Cameron, Boston, Mass., for defendant.

ALDRICH, District Judge.

■ In this action arising out of a collision of automobiles the plaintiff moves for new trial after verdict for the defendant. Plaintiff's first point is that the record shows the jury this term has been uniformly "defendant-minded." This in itself, of course, is not a ground for setting aside a verdict. At the most it invites a more tolerant reception, perhaps, of plaintiff's argument on his motion, particularly if his argument were that the verdict was against the evidence. However, his argument fell principally into two different categories—1) that there was no evidence that plaintiff's car was moving; 2) that he had "newly discovered evidence" to the effect that the police officer's testimony as to the terrain, hereinafter referred to, was erroneous.

■■ With respect to the first point, plaintiff has had the transcript typed since the argument. Called on cross-examination by the plaintiff, the defendant testified:

"Q. You [first] saw the car 2 feet from you, is that correct? A. I would say Yes. I mean it was like that [snapping fingers], 2 feet, moving."

On cross-examination by his own counsel:

"Q. When you got this glimpse of it was the [plaintiff's] car moving or stopped? A. I would say it would be moving."

Defendant may not have had much opportunity to observe, but there was no motion to strike, and the weight of this testimony was for the jury. Furthermore, the evidence was clear to the effect that after the accident the front wheels of the plaintiff's car were on the black top. Applying my rudimentary comprehension of the laws of physics I do not believe that his car would be on the black top after the accident unless it either had been moving into the intersection, or had been on the black top prior to the accident. Thus, if the plaintiff was not moving, one must take his testimony that he had come out of a driveway and was resting for three or four minutes protruding into a travelled highway in so blind a spot that he could see approaching cars to his left for only 15–20 feet or so. On this

record I could not say that there was not substantial evidence of contributory negligence however one views it.

■ With regard to the terrain, the plaintiff introduced photographs taken a year and eight months after the accident. If one were to be technical, one would say that the burden was on him to prove that the terrain had remained the same, rather than on the defendant to disprove it. Passing this point, the police officer who came immediately to the scene was put on by the plaintiff, and he testified specifically that the terrain had changed since the accident, and that the plot to the left of the driveway at the time of the accident, unlike on plaintiff's photographs, protruded out as far as did the plot to the right. The plaintiff now says that he has two other police officers who would testify to the contrary, and that he was "surprised" by the testimony of his witness, who he "had been informed" would testify that the recent photographs would carry back to the accident.

■■ I will overlook, as probably I should not, the fact that counsel for movant did not take the trouble to familiarize himself with Rule 59(c), F.R.Civ. P. 28 U.S.C.A. and file the affidavit required thereby insofar as his motion is based upon alleged circumstances outside the record, viz., the "newly discovered evidence." Kleinschmidt v. United States, D.C.D.Mass., 146 F.Supp. 253, 256. But it is even more difficult not to be critical in other respect. If this were a case of great importance to this plaintiff, as he says, and as I am naturally willing to assume, it seems to me that counsel either should come to court with such reliable information that he would have been in a position to lay a foundation for prior inconsistent statements in case of surprise by his own witness, or, failing that, that he should have appealed to the court for an opportunity to take steps because of his surprise. It is to be noted that the police officer testified the first day, and evidence continued the day following. Diligence means during, as well as before, trial. No reason was offered as to how plaintiff has since discovered that other police officers would contradict the one who testified, or what led him to them, except the information he already had before trial, but, apparently, failed to pursue until the jury, as well as his witness, disappointed him. The burden of showing diligence is on the movant, and it is a substantial one.

■ Furthermore, I have studied the snapshots of the locus introduced at the trial by the defendant, and they seem substantially to correspond with the testimony given by the officer. Defendant states they were taken shortly after the accident. It would be hard to believe, in the light of these photographs, that the plaintiff's new evidence "will probably change the result," another necessary burden upon movant. Marchant v. American Airlines, D.C.D.R.I., 146 F. Supp. 612, 617, affirmed American Airlines, Inc. v. Marchant, 1 Cir., 249 F.2d 612.

The motion for new trial is denied.