# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2507-22

M.S.,

    Plaintiff-Appellant,

v.

T.S.,

    Defendant-Respondent.

_____

        Submitted March 19, 2024 – Decided April 5, 2024

        Before Judges Mayer and Whipple.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FV-08-0984-23.

        Christopher J. D'Alessandro, attorney for appellant.

        Respondent has not filed a brief.

PER CURIAM

    Plaintiff M.S. appeals from a March 16, 2023 order denying reconsideration of a January 30, 2023 order, declining to enter a final

restraining order (FRO) against defendant T.S. and dismissing plaintiff's domestic violence complaint. For the reasons that follow, we vacate the January 30 and March 18, 2023 orders, reinstate plaintiff's temporary restraining order (TRO) against defendant, and remand for further proceedings consistent with this opinion.

Plaintiff and defendant divorced in 2013, with a history of physical, mental, and emotional abuse between the two of them. On November 29, 2022, plaintiff began receiving unexplained phone calls, mostly from a blocked number, during which she could only hear "background noise or music playing, . . . love songs or . . . machinery of some sort." Plaintiff continued to receive similar calls into early 2023, ultimately receiving seventy-three such phone calls between November 29, 2022, and January 5, 2023.

Plaintiff suspected defendant was making these phone calls because: (1) he had exhibited similar behavior in the past, leading to prior restraining orders; (2) the background sounds in some of the phone calls were similar to the background sounds from phone calls defendant had made to plaintiff in the past, (3) plaintiff received one such phone call on Christmas Eve, and the caller ID for that call showed defendant's name, (4) plaintiff paid for TrapCall—a service that purports to identify the phone number associated with

blocked telephone numbers—and TrapCall identified the calls as placed from defendant's phone number.

Plaintiff reported the calls to police on December 2, 2022. The police were unable to investigate, however, because the call came from an unknown number. Plaintiff could not obtain proof as to the origin of the calls from her phone company, because the calls originated from a blocked number. On January 6, 2023, plaintiff obtained a TRO against defendant due to the harassing phone calls. Plaintiff filed a report with the Washington Township Police Department on January 9, 2023, complaining of the ongoing harassment. The FRO hearing was initially scheduled for January 19, 2023, but was continued until January 30, to allow for service of the TRO on defendant.

At the January 30, 2023 hearing, plaintiff testified about the large number of phone calls and her reasons for believing defendant was responsible for them. Defendant testified plaintiff was making up the allegations to "get [him] jammed up," and unequivocally denied he called plaintiff "multiple times between November 29th and January 5th." Plaintiff testified she obtained information from TrapCall, indicating defendant had placed those calls. The trial court, however, did not credit the accuracy of TrapCall's

3

identification of the calls as coming from defendant's phone number without testimony from someone with knowledge regarding the identification process. The trial court, finding the predicate act of harassment had not been proven, denied the FRO, dismissed the complaint, and dissolved the TRO.

The following day, January 31, 2023, plaintiff was contacted by a detective with the Washington Township Police Department, who had been assigned that day to investigate her complaint. On February 9, 2023, the police informed plaintiff they were charging defendant with harassment.

On February 17, 2023, plaintiff moved for reconsideration of the January 30, 2023 order, based on evidence gathered during the police investigation. On March 1, 2023, plaintiff's counsel requested discovery from the Washington Township Police Department with regard to the criminal complaint against defendant. Plaintiff's counsel received defendant's phone records for the relevant time period, a copy of the incident report associated with plaintiff's January 9, 2023 complaint, and a copy of the criminal complaint and summons issued to defendant.

Defendant's phone records, produced by his service provider as a result of a law enforcement subpoena, indicated his phone was the source of dozens of phone calls to plaintiff at times that corresponded with the harassing phone

A-2507-22

calls she received. The police incident report detailed the inability of plaintiff's phone service provider to identify the source of the harassing phone calls, the process the detective followed to obtain defendant's phone records, and the timeline for obtaining the evidence against defendant.

On March 16, 2023, the trial court heard plaintiff's argument for reconsideration, which defendant did not oppose. At this hearing, while assessing the purportedly newly available evidence, the court stated the "investigation is not evidence. Those charges [sic] aren't evidence[;] they're allegations. The evidence is the phone records." The court relied on Fusco v. Board of Education of Newark, 349 N.J. Super. 455, 463 (App. Div. 2002), for the proposition that a party may not seek reconsideration relying on evidence known before trial, if they chose to proceed to trial without it. The trial court then found "the phone records . . . existed at the time of the trial and were available at the time of the trial through the means of getting a subpoena. Plaintiff made that tactical decision to move forward with the trial without them." Finding the phone records not newly available evidence, the trial court denied plaintiff's motion for reconsideration.

This appeal timely followed.

On appeal, plaintiff asserts the trial court erred by not considering newly discovered evidence unavailable at the time of trial.

"Motions for reconsideration are governed by Rule 4:49-2, which provides that the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). "Reconsideration should be used only where '1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.'" Ibid. (alterations in original) (quoting Cap. Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008)).

We should not disturb a trial judge's denial of a motion for reconsideration absent a clear abuse of discretion. Pitney Bowes, 440 N.J. Super. at 382. An "abuse of discretion only arises on demonstration of 'manifest error or injustice,'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis,'" Milne v.

A-2507-22

<u>Goldenberg</u>, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting <u>Flagg v.</u>

<u>Essex Cty. Prosecutor</u>, 171 N.J. 561, 571 (2002)).

We will accord substantial deference to the trial court's findings of fact,

provided they are "supported by adequate, substantial and credible evidence."

<u>Cesare v. Cesare</u>, 154 N.J. 394, 411-12 (1998) (citing <u>Rova Farms Resort, Inc.</u>

<u>v. Invs. Ins. Co. of Am.</u>, 65 N.J. 474, 484 (1974)). However, "[a] trial court's

interpretation of the law and the legal consequences that flow from established

facts are not entitled to any special deference." <u>Manalapan Realty, L.P. v.</u>

<u>Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995).[1]

In moving for reconsideration, plaintiff relied on <u>Rule</u> 4:49-2, which

provides:

> [A] motion for rehearing or reconsideration seeking to
> alter or amend a judgment or final order shall . . . .
> state with specificity the basis on which it is made,
> including a statement of the matters or controlling

---

[1] This case is not suited for a motion for reconsideration pursuant to <u>Rule</u> 4:49-2. "[A] motion for reconsideration provides the court, and not the litigant, with an opportunity to take a second bite at the apple to correct errors inherent in a prior ruling." <u>Conforti v. Cnty. of Ocean</u>, 255 N.J. 142, 169, <u>reconsideration denied sub nom.</u> <u>Conforti v. Ocean Cnty. Bd. of Chosen Freeholders</u>, 255 N.J. 280 (2023) (quoting <u>Medina v. Pitta</u>, 442 N.J. Super. 1, 18 (App. Div. 2015)). This motion would likely not have encountered the same obstacles, based on defendant's apparent untruthfulness during the initial hearing, if it had been brought under <u>Rule</u> 4:50-1, which provides specifically for "reliev[ing] a party . . . from a final judgment or order for . . . fraud . . . , misrepresentation, or other misconduct of an adverse party." <u>See</u> <u>Rule</u> 4:50-1.

decisions that counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or final order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

[Rule 4:49-2.]

Pursuant to this Rule, reconsideration is "a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

[A] reconsideration motion is primarily an opportunity to seek to convince the court that either (1) it has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the court either did not consider, or failed to appreciate the significance of probative, competent evidence.

[Kornbleuth v. Westover, 241 N.J. 289, 301 (2020) (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87-88 (2010)).]

Rule 4:49-2 applies "when the court's decision represents a clear abuse of discretion based on plainly incorrect reasoning or failure to consider evidence or a good reason for the court to reconsider new information." Conforti, 255 N.J. at 190-91 (Fasciale, J., concurring) (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 4:49-2 (2022)).

As a threshold matter, the "magnitude of the error" on which the motion for reconsideration is based "must be a game-changer for reconsideration to be appropriate." Palombi, 414 N.J. Super. at 289. In Cummings v. Bahr, this court approvingly quoted D'Atria, 242 N.J. Super. at 401, to emphasize "if a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application, the [c]ourt should, in the interest of justice (and in the exercise of sound discretion), consider the evidence." 295 N.J. Super. 374, 384 (App. Div. 1996).

The burden of proof required under Rule 4:49-2 to show whether the proffered "new or additional information . . . could not have [been] provided on the first application," has not been addressed in our case law. See ibid. The issue presents a question of fact to be decided by the trial judge based on evidence in the record. For guidance on this issue, it is instructive to look to related court rules. With regards to Rule 4:49-1, which governs motions for new trials, our Supreme Court has stated "[t]he party seeking a new trial on the basis of newly discovered evidence has the burden of showing diligence and that burden is substantial." Quick Chek Food Stores v. Springfield Twp., 83 N.J. 438, 446 (1980) (citing Martin v. Klein, 172 F. Supp. 778, 780 (D. Mass. 1959)). The Quick Chek Court clarified the record must demonstrate the

9

newly discovered evidence "was not discoverable by diligent search at the time of trial."  83 N.J. at 446 (citing Moylan v. Siciliano, 292 F.2d 704, 705 (9th Cir. 1961)).  Rule 4:50-1, governing relief from a final judgment or order, explicitly states the "newly discovered evidence" on which a party bases their motion should "probably alter the judgment or order and . . . by due diligence could not have been discovered in time" for prior proceedings.  R. 4:50-1.  It is reasonable, therefore, to impute a similar standard here, such that a party seeking reconsideration under Rule 4:49-2 based on "newly discovered evidence" bears "the [substantial] burden of showing diligence."  See Quick Chek, 83 N.J. at 446.

Using that lens, we consider whether the trial court abused its discretion in finding the phone records proffered by plaintiff were "not unavailable, . . . existed at the time of the trial[,] and w[ere] not produced."  In support of this finding, the trial court emphasized nothing "in the record [shows] that plaintiff was unable to obtain these records by subpoena or through law enforcement."  The court suggested that, because plaintiff "subsequently did get them through law enforcement," plaintiff should have been able to get them from law enforcement before the trial.  Finally, the trial court noted plaintiff never made "any request to adjourn the case to get these records which plaintiff knew

10

existed at the time," essentially finding plaintiff had failed to demonstrate diligence in attempting to obtain that evidence prior to trial.

In so finding, the trial court disregarded the Washington Township Police Department's incident report in its entirety and did not consider the contents of the report for the purpose of ascertaining plaintiff's diligence and ability to obtain defendant's phone records prior to trial—that is, for a purpose entirely unrelated to defendant's alleged commission of the predicate act.  The trial court correctly refused to consider the incident report and charge sheet as evidence of defendant's guilt, saying "While the investigation, that may be new, that investigation is not evidence.  Those charges [sic] aren't evidence[;] they're allegations."  The trial court did, however, abuse its discretion by focusing on the allegations within the incident report and not considering the other information in the report relevant to addressing issues other than defendant's purported guilt.

The report shows plaintiff filed her complaint on January 9, 2023, but a detective was not assigned to investigate the case until January 31, 2023—the day after the trial when the court dissolved the TRO.  According to the report, the detective assigned to the case first discovered plaintiff's carrier did not have the ability to identify incoming blocked calls.  The detective then sent a

subpoena requesting defendant's phone records from his service provider that same day but did not obtain information responsive to the subpoena until one week later, on February 7, 2023. Thus, if a detective had been assigned to plaintiff's case within two weeks of her filing the complaint, plaintiff might have been able to produce defendant's phone records at trial. It appears, however, plaintiff could not have received defendant's phone records absent the law enforcement-issued subpoena served after the January 30 trial. Further, plaintiff had no reason to request an adjournment before the January 30 trial because the Washington Township Police Department first assigned a detective to investigate her harassment claims against defendant on January 31.

This is not a situation in which a party—either for strategic reasons or because the party overlooked the significance of a document—withheld the document from evidence and then, after an unfavorable result, attempted to obtain further consideration by belatedly submitting the evidence, as in Fusco. In that case, the plaintiff's attorney withheld a document in filing opposition to the defendant's summary judgment motion and then moved for reconsideration based on the omitted document.

A-2507-22

Here, plaintiff did not seek to enlarge the record with a document previously available but intentionally withheld until after an adverse ruling. Given the full import of information in the Washington Township Police Department's incident report, the March 16, 2023 order denying reconsideration is remanded for further proceedings consistent with this opinion. We express no opinion as to the ultimate outcome.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13